**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TREMETRA M. ROBINSON,

    Plaintiff - Appellant,

v.

BARBARA M. BARRETT, Secretary,
Department of the Air Force,

    Defendant - Appellee.

No. 19-6150
(D.C. No. 5:17-CV-00496-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

Tremetra Robinson appeals the district court's grant of summary judgment in favor of her employer, the Secretary of the United States Air Force (the "Secretary"), with respect to her claim for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Robinson, an African-American woman, worked as a training and curriculum specialist at the Child Development Center East ("CDC East") at Tinker Air Force Base ("Tinker AFB") in Oklahoma. From March 2009 to January 2011, Robinson's supervisor was Flight Chief Michelle Robertson. When Robertson was transferred in January 2011, Charlotte Lewis became the interim Flight Chief and Robinson's supervisor.

Over the next four months, until her termination in July 2011, Robinson alleges that Lewis subjected her to discrimination and harassment, culminating in Robinson filing an informal complaint with the Equal Employment Opportunity Commission ("EEOC") on April 1, 2011. Robinson alleges that after Lewis was notified of the informal complaint on April 15, she took the following four retaliatory actions against her:

- Lewis gave Robinson an "unacceptable" job performance rating, in part because Robinson did not ensure that CDC East staff received Cardiopulmonary Resuscitation ("CPR") and Pediatric First Aid training, and Robinson herself never received this training.

- On April 21, 2011, Lewis issued an "AF 971" entry for non-disciplinary counseling against Robinson for arriving to a management meeting twenty minutes late accompanied by an unauthorized individual whom Robinson was previously informed she could not bring.

2

- On April 29, 2011, Lewis proposed that Robinson receive a one-day suspension from work due to "inappropriate behavior," "failure to follow a directive," and "failure to follow proper leave procedures."

- On July 20, 2011, Robinson was removed from CDC East and Tinker AFB by Security Forces personnel.

Robinson filed a formal EEOC complaint on June 29, 2011. After the EEOC issued a final decision on the complaint in January 2017, Robinson brought suit in federal court under Title VII. Relying on the four actions set forth above and the fact that she was terminated from her employment, Robinson asserted claims for racial discrimination, retaliation, and a hostile work environment. The district court granted summary judgment to the Secretary on all of Robinson's claims. Addressing first the validity of Robinson's termination, the court concluded that Robinson had failed to administratively exhaust her challenge that the termination was discriminatory or retaliatory. Turning to Robinson's discrimination claims, the court concluded that Robinson failed to allege a prima facie case of discrimination because she did not offer evidence that she suffered an adverse employment action. See Barlow v. C.R. Eng., Inc., 703 F.3d 497, 505 (10th Cir. 2012). Similarly, the court concluded that Robinson failed to state a hostile-work-environment claim because the actions of which she complained were not sufficiently severe to alter a term, condition, or privilege of employment. See Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007).

3

That left Robinson's retaliation claim, based on the four actions described above and her termination. With respect to the one-day suspension and termination, the district court concluded that Robinson failed to exhaust administrative remedies for those actions. With respect to the other three actions—the AF 971 entry, the "unacceptable" performance review, and the removal from Tinker AFB—the court concluded that Robinson had failed to adduce evidence of a retaliatory or discriminatory motive. Robinson appealed.

## II

We review a district court's grant of summary judgment de novo, using the same standards applied by the district court. See Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 997 (10th Cir. 2011) (citation omitted).

## A

Robinson appeals only the district court's grant of summary judgment with respect to her retaliation claim.[1] Because this case involves no direct evidence of

---

[1] In her opening brief, Robinson states that she has limited her argument to the retaliation issue but "is in no way conceding or suggesting the Title VII Hostile Work Environment or Race Discrimination claims lack merit." Because Robinson fails to

4

retaliation, we apply the burden-shifting framework set forth in <u>McDonnell Douglas</u>

<u>Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973). Under that framework, the plaintiff

must first establish a prima facie case of retaliation. <u>See</u> <u>Plotke v. White</u>, 405 F.3d

1092, 1099 (10th Cir. 2005). If he or she does so, the burden shifts to the defendant

employer "to state a legitimate, nondiscriminatory reason for its adverse employment

action." <u>Id.</u> (quotation omitted). Once the defendant has made this showing, the

burden shifts back to the plaintiff to demonstrate that the defendant's proffered

nondiscriminatory reasons are pretextual. <u>See</u> <u>id.</u> Summary judgment is appropriate

if the plaintiff fails to show pretext. <u>See</u> <u>id.</u>

To establish a prima facie case of retaliation under Title VII, the plaintiff must

show (1) engagement in activity protected under Title VII; (2) a materially adverse

employment action; and (3) a causal connection between the protected activity and

the materially adverse action. <u>See</u> <u>Argo v. Blue Cross & Blue Shield of Kan., Inc.</u>,

452 F.3d 1193, 1202 (10th Cir. 2006). The district court determined, and the parties

do not dispute, that the first and second factors are met. Thus, only the third factor—

a causal connection—remains.

As an initial matter, Robinson has waived reliance on several of the allegedly

retaliatory events described above. In her opening brief, she relies only on: (1) the

---

brief those claims, she has waived appellate review of them. <u>See</u> <u>Burke v. Regalado</u>,
935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are
deemed abandoned or waived." (quotation omitted)); <u>Bronson v. Swensen</u>, 500 F.3d
1099, 1105 (10th Cir. 2007) (arguments presented "without supporting analysis and
case law" are waived).

one-day suspension, (2) the AF 971 entry, and (3) the negative performance evaluation. Robinson does not argue on appeal that her termination was retaliatory. And although Robinson describes her removal from Tinker AFB in her statement of facts in the opening brief, she does not mention it in her argument section. She thus appears not to challenge the district court's ruling with respect to this event, and any such challenge is waived. See Burke, 935 F.3d at 1014 ("[T]he argument section" must "contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." (quoting Fed. R. App. P. 28(a)(8)(A))).

Finally, with respect to the one-day suspension, the district court concluded that Robinson failed to exhaust her claim that the suspension was retaliatory. See Green v. Brennan, 136 S. Ct. 1769, 1775 (2016) ("Before a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies."). Specifically, the court concluded that Robinson's claims with respect to her one-day suspension were subsumed by her complaint to the Merit Systems Protection Board ("MSPB"), and Robinson failed to exhaust her claims raised before the MSPB. On appeal, Robinson does not challenge the district court's determination that she failed to exhaust administrative remedies. Rather, she contends that the Secretary may not argue that her suspension was subsumed before the MSPB because the Secretary did not object to the jurisdiction and venue allegations made in the complaint. But the requirement that a plaintiff exhaust administrative remedies is not jurisdictional in nature. See Lincoln v. BNSF

6

Ry. Co., 900 F.3d 1166, 1185 (10th Cir. 2018).[2]  Instead, "a plaintiff's failure to file

an EEOC charge regarding a discrete employment incident merely permits the

employer to raise an affirmative defense of failure to exhaust."  Id.  The Secretary

raised such an affirmative defense, and Robinson does not contend otherwise.  Nor

does she challenge the district court's finding that she failed to exhaust

administrative remedies with respect to the one-day suspension.  Accordingly, she

has waived that argument on appeal.  See Burke, 935 F.3d at 1014.

**B**

We are thus left with two adverse actions:  the AF 971 entry and the negative

performance evaluation.  We ultimately conclude that Robinson has failed to show

that Lewis' reasons for commencing the AF 971 entry and issuing the negative

performance evaluation were pretextual.  Accordingly, we need not address whether

---

[2] The district court incorrectly concluded that the failure to exhaust administrative remedies precludes jurisdiction to review Title VII claims. Nevertheless, we "may affirm the district court for any reason supported by the record."  Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000).  When determining whether to exercise our discretion to do so, we consider whether the ground for our affirmance "was fully briefed and argued here and below, whether the parties have had a fair opportunity to develop the factual record, and whether, in light of factual findings to which we defer or uncontested facts, the court's decision would involve only questions of law."  Jordan v. Maxim Healthcare Servs., Inc., 950 F.3d 724, 742 n.14 (10th Cir. 2020) (quotation and alteration omitted).  With one caveat, these requirements are satisfied in this case.  As noted, Robinson does not address the district court's determination that she failed to exhaust administrative remedies before the MSPB.  But the Secretary does, and Robinson did not file a reply brief addressing the Secretary's contentions.  Accordingly, we affirm on the basis that Robinson failed to exhaust administrative remedies with respect to the one-day suspension.

Robinson has established a prima facie case of retaliation under the McDonnell Douglas framework. See Plotke, 405 F.3d at 1099.

The Secretary has met her "exceedingly light" burden to state a legitimate, non-discriminatory reason for the adverse actions taken. Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1173 (10th Cir. 2007) (quotation omitted). With respect to the AF 971 entry, Lewis had scheduled a management meeting that Robinson was required to attend. Robinson emailed Lewis before the meeting, stating that she would not attend because she did not have union representation. Lewis responded that Robinson was not entitled to union representation because she was not a bargaining unit member, and in any event, she could not bring a union representative to the meeting because sensitive and private information would be shared. Despite this instruction, Robinson arrived twenty minutes late to the meeting with an unauthorized individual, presumably a union representative. Lewis determined that the appropriate course of action was to institute an AF 971 entry, which she describes as "non-disciplinary counseling."

With respect to the performance evaluation, the Secretary explains that the evaluation was based on two considerations. Primarily, in over two years of employment, Robinson never obtained CPR or Pediatric First Aid certifications, and she allowed these certifications to lapse for several CDC East employees. Additionally, Robinson was four months behind in scheduling and coordinating staff developmental training modules in compliance with CDC East requirements, with no plan to remedy the issue. According to the Secretary, either of these problems—the

8

lack of CPR/First Aid certifications or the lack of staff trainings—could have resulted in a complete CDC East shutdown.

Because the Secretary proffers these nondiscriminatory reasons for the adverse employment actions taken against Robinson, the burden shifts back to Robinson to show that the proffered reasons are pretextual. To prevail, Robinson must show that the Secretary's reasons are "so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief." Id. (quotation omitted). Robinson fails to meet this standard.

With respect to the AF 971 entry, the district court concluded that "no reasonable juror could find that that action was retaliatory" because it was "undisputed that [Robinson] had been advised prior to the meeting that she could not bring the representative with her, yet she persisted." Robinson does not address this basis for the court's decision. Her only argument on appeal is that the Secretary characterizes the AF 971 entry as "not disciplinary in nature," but the Secretary's "own policy" indicates that it is disciplinary. The record, however, undermines Robinson's argument. She cites an Air Force publication regarding disciplinary and adverse actions on civilian personnel. The publication does not state that an AF 971 entry is disciplinary in nature; rather, it states that an "oral admonishment" is a disciplinary action that must be logged on AF Form 971. The publication further provides that such oral admonishments, though disciplinary, are "not adverse

9

actions."[3] Thus, Robinson fails to show that AF 971 counseling is itself a disciplinary action.

With respect to the negative performance evaluation, the district court concluded that Robinson failed to offer any concrete evidence that it was unwarranted. Instead, Robinson relied solely on her subjective belief that her performance was adequate. See Furr v. Seagate Tech., Inc., 82 F.3d 980, 988 (10th Cir. 1996) ("[I]t is the manager's perception of the employee's performance that is relevant, not plaintiff's subjective evaluation of his own relative performance."). Because the court found that the defendant had proffered several objective reasons for the negative evaluation, it concluded "no reasonable jury could determine that the issuance of the negative performance evaluation was retaliatory or discriminatory."

Robinson raises two arguments on appeal to challenge this determination. She first asserts that the Secretary could not have believed Robinson's job performance was unacceptable because she had 2.5 years of "stellar" work history. Presumably, Robinson is referring to her performance under Flight Chief Michelle Robertson, her supervisor before Lewis. But Robertson wrote a statement that she was not aware that Robinson lacked CPR and Pediatric First Aid certifications, or that Robinson was unable to train staff, because Robinson did not disclose in her monthly reports "her

---

[3] This evidence further suggests that the AF 971 entry is not an adverse action upon which Robinson's retaliation claim can be predicated. See id. at 1176 (to state a prima facie case of retaliation, a plaintiff must have suffered an "adverse action").

inability to ensure staff were properly trained []or that the training program was out of compliance." Robinson does not challenge Robertson's statement.

Additionally, Robinson claims that Lewis used an outdated form in rendering her negative performance evaluation. She does not argue, however, that the correct form eliminated the criteria she allegedly failed to meet. Rather, Robinson appears to assert that the use of an outdated form itself may suggest that the negative performance evaluation was "but another form of retaliation." She offers no further explanation for this speculative assertion.

Viewing the evidence in the light most favorable to Robinson, we agree with the district court that she has failed to raise a genuine issue of material fact as to whether the nondiscriminatory reasons for the AF 971 entry and negative performance evaluation were pretextual. Notably, Robinson does not dispute the facts on which these adverse actions are based: (1) she brought an unauthorized individual to a meeting at which private information was discussed, despite express instruction not to do so; (2) she failed to obtain mandatory CPR and Pediatric First Aid certifications; and (3) she was dilatory in scheduling employee development and training modules and had no plan to remedy the problem. Robinson has not presented facts suggesting that the proffered reasons "were so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief." Montes, 497 F.3d at 1173 (quotation and alteration omitted). Accordingly, summary judgment in favor of the Secretary was appropriate. See Plotke, 405 F.3d at 1099.

11

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge